(July 19, 1999)

■ ANONYMOUS, Plaintiff, v ANONYMOUS, Respondent, and GANNETT SUBURBAN NEWSPAPERS, Intervenor-Appellant. [692 NYS2d 744] —In an action for a divorce and ancillary relief, the intervenor Gannett Suburban Newspapers appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered December 24, 1997, as denied that branch of its motion which was to vacate so much of an order of the same court entered February 10, 1997, as sealed all court decisions, orders, and other documents filed in this action.

Ordered that the order entered December 24, 1997, is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 235 (1) protects against "the indiscriminate inspection and publication of the details of matrimonial matter", but leaves open for review the order, decision, or exhibits of the case (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C235:1, at 119). The sealing provision contained in the order entered February 10, 1997, extended protection from disclosure to include all court decisions, orders, and other documents filed in this action. The order appealed from modified the order entered February 10, 1997, by (1) specifically including within the sealing provision the order entered February 10, 1997, and its underlying decision, and an order of the same court entered June 11, 1997, and its underlying decision, and (2) specifically excluding from the sealing provision the order of the court entered December 24, 1997, and its underlying decision.

Contrary to the appellant's contention, the sealing provision

contained in the order appealed from was proper. There was an overriding concern to ensure that one party to the divorce settlement negotiations did not use the otherwise protected scurrilous material extensively referred to and repeated in the sealed documents to gratify private spite or force a desired settlement by threat of disclosure (*see, Shiles v News Syndicate Co.,* 27 NY2d 9, 14-15, *cert denied* 400 US 999; *Matter of Caswell,* 18 RI 835, 836, 29 A 259; *United States v Amodeo,* 71 F3d 1044, 1048-1051).

The appellant's remaining contentions are without merit. Joy, J. P., Krausman, Goldstein and Schmidt, JJ., concur.